UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20859-CR-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

RAUL J. GUTIERREZ,

 Defendant.
_____/

## **ORDER**

THIS MATTER comes before the Court on the United States' Motion Requesting that the Magistrate Court Withdraw its Order of July 2[0], 2010 and Submit a Report and Recommendation to the District Court Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Mag. R. 1(d) (DE# 753, 7/23/10). Having revised the applicable filings and the law, it is

ORDERED AND ADJUDGED that the United States' Motion Requesting that the Magistrate Court Withdraw its Order of July 2[0], 2010 and Submit a Report and Recommendation to the District Court Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Mag. R. 1(d) (DE# 753, 7/23/10) is **DENIED** for the reasons stated herein.

On July 20, 2010, the undersigned held a hearing on, inter alia, the United States's Motion to Strike Petition of Maritime Life (Caribbean) Ltd. for Lack of Standing (DE# 735, 5/21/10). After hearing from the parties and determining that discovery was needed to rule on the standing issue, the undersigned denied the government's motion to strike without prejudice to renew and allowed the parties to conduct discovery until

November 17, 2010 with respect to the petitioner's standing. See Order (DE# 751, 7/20/10).

The government now moves for the undersigned to withdraw the July 20, 2010 Order (DE# 751) and issue a report and recommendation on the ground that a United States Magistrate Judge must issue a report and recommendation when addressing a motion to dismiss. See United States' Motion Requesting that the Magistrate Court Withdraw its Order of July 2[0], 2010 and Submit a Report and Recommendation to the District Court Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Mag. R. 1(d) (DE# 753 at 3-4, 7/23/10). The government relies on Title 28 United States Code § 636 and Local Magistrate Rule 1(d). Section 636(b)(1) states in pertinent part that:

Notwithstanding any provision of law to the contrary--

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, **to dismiss for failure to state a claim upon which relief can be granted**, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and

>recommendations under subparagraph (B) with the court....

28 U.S.C. § 636(b)(1)(A) - (C) (emphasis added).

>Local Magistrate Rule 1(d) states as follows:
>
>(1) A Magistrate Judge may submit to a District Judge of the Court a report containing proposed findings of fact and recommendations for disposition by the District Judge of the following pretrial motions in civil and criminal cases:
>
>>(A) Motions for injunctive relief, including temporary restraining orders and preliminary and permanent injunctions;
>>
>>(B) Motions for judgment on the pleadings;
>>
>>(C) Motions for summary judgment;
>>
>>(D) Motions to dismiss or permit the maintenance of a class action;
>>
>>(E) **Motions to dismiss for failure to state a claim upon which relief may be granted**;
>>
>>(F) Motions to involuntarily dismiss an action;
>>
>>(G) Motions for review of default judgments;
>>
>>(H) Motions to dismiss or quash an indictment or information made by a defendant; and
>>
>>(I) Motions to suppress evidence in a criminal case.
>
>(2) A Magistrate Judge may determine any preliminary matters and conduct any necessary evidentiary hearing or other proceeding arising in the exercise of the authority conferred by this subsection.

Local Magistrate Rule 1(d) (emphasis added).

The undersigned notes that the authorities cited by government refer, <u>inter alia</u>, to motions to dismiss. The government's motion was titled a "Motion to Strike" and did not seek dismissal of the petitioner's claim but sought to strike the petition. <u>See</u> United

3

States's Motion to Strike Petition of Maritime Life (Caribbean) Ltd. For Lack of Standing (DE# 735, 5/21/10). The government acknowledges that its Motion to Strike was not titled a motion to dismiss but argues that it must be treated as such. See United States' Motion Requesting that the Magistrate Court Withdraw its Order of July 2[0], 2010 and Submit a Report and Recommendation to the District Court Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Mag. R. 1(d) (DE# 753 at 3, 7/23/10). "While termed a motion to strike, the United States' motion is seeking to dismiss the petition because it fails to state a claim upon which relief can be granted. In effect, it seeks to dismiss the petition because it fails to allege standing and therefore the [C]ourt cannot grant relief." Id. The undersigned's July 20, 2010 Order (DE# 751) was not dispositive but allowed for discovery prior to a final ruling on the standing issue. In fact, the July 20, 2010 Order (DE# 751) specifically requires that the petitioner file a memorandum of law on the issue of standing. Thus, the Order (DE# 751) did not resolved the standing issue. Accordingly, the relief sought by the government is denied.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **23rd** day of July, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record